IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
 )
      Plaintiff, )
 )
v. )  Case No. 08-2280-JWL
 )
JOSEPH OURSLER, )
 )
      Defendant. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for summary judgment (Doc. # 7). Because the court agrees with plaintiff that Kansas law governs here, the motion is granted.

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") has brought a declaratory judgment action against its insured, Joseph Oursler, seeking a declaration that it has fulfilled its underinsured motorist (UIM) and personal injury protection (PIP) coverage obligations arising out of a January 5, 2007, automobile accident. Mr. Oursler is a Kansas resident, and State Farm issued multiple automobile liability insurance policies to him and his wife. In the accident, which occurred in Missouri, Mr. Oursler was struck by a Missouri resident acting negligently, and Mr. Oursler suffered significant injury to his person. The Missouri tortfeasor was underinsured, as that term is defined in the State Farm policies, and the tortfeasor's

liability insurer has offered its liability policy limit of $25,000 to Mr. Oursler. State Farm has paid Mr. Oursler $75,000, calculated as the difference between each policy's UIM limit of $100,000 and the $25,000 offered by the tortfeasor's insurer. State Farm has also paid various amounts to Mr. Oursler in medical and disability benefits under the applicable PIP provisions, and Mr. Oursler does not dispute that State Farm has fulfilled its PIP coverage obligations.

The parties do dispute whether State Farm has fulfilled its UIM coverage obligations, and that dispute gives rise to this declaratory judgment action. Specifically, Mr. Oursler argues that UIM coverage limits under his multiple policies with State Farm should be "stacked", thereby allowing him to recover UIM benefits under each policy. State Farm argues that Kansas law and the policies prohibit such stacking, and that it is therefore entitled to summary judgment and the declaratory judgment it seeks. *See* Fed. R. Civ. P. 56(c) (summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law").

Because it sits in Kansas, this court applies that State's choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Moreover, under Kansas law, the court applies the substantive law of the state in which the particular insurance contract was made. *See Simms v. Metropolitan Life Ins. Co.*, 9 Kan. App. 2d 640, 642-46, 685 P.2d 321, 324-26 (1984). The parties do not dispute that State Farm issued its policies to Mr. Oursler in Kansas, where he resides. Accordingly, Kansas law

2

would ordinarily govern the present dispute.

The relevant Kansas statute relating to uninsured motorist (UM) and UIM coverage expressly prohibits stacking of benefits under multiple policies, as follows:

> Coverage under the policy shall be limited to the extent that the total limits available cannot exceed the highest limits of any single applicable policy, regardless of the number of policies involved, persons covered, claims made, vehicles or premiums shown on the policy or premiums paid or vehicles involved in an accident.

K.S.A. § 40-248(d). In *Eidemiller v. State Farm Mutual Automobile Insurance Company*, 261 Kan. 711, 933 P.2d 748 (1997), the Kansas Supreme Court interpreted this statute as a "legislative mandate prohibiting the stacking of underinsured coverage," and held that, "as such, it becomes part of the vehicle liability insurance policy," whether or not the policy contains an anti-stacking provision. *Id.* at 723-24, 933 P.2d at 756.

The policies issued to Mr. Oursler by State Farm contain an anti-stacking provision within its UM/UIM coverage[1] that tracks the Kansas statute, as follows:

> If an insured has uninsured motor vehicle coverage available from more than one policy which is provided by us or any other insurer, the total limits of liability available from all policies provided by all insurers shall not exceed the limit of liability of the single policy with the highest limit of liability. This is the maximum amount payable regardless of the number of policies involved, persons covered, claims made, vehicles or premiums shown on the policy, or premiums paid or vehicles involved in the accident.

State Farm argues that, irrespective of this policy provision, *Eidemiller* compels a ruling

---

[1] In the State Farm policies at issue, UM coverage is defined to include UIM coverage.

that Mr. Oursler may not stack UIM benefits under his multiple policies.

Mr. Oursler argues that Missouri law should govern whether he may stack his UIM benefits here. Under Missouri law, because Missouri automobile insurance policies must provide uninsured motorist (UM) coverage by statute, public policy requires that insurers allow stacking of UM policies. *See Hopkins v. American Econ. Ins. Co.*, 896 S.W.2d 933, 938 (Mo. Ct. App. 1995). Because Missouri does not require underinsured motorist (UIM) coverage, Missouri public policy does not mandate stacking of UIM benefits unless the policy language is ambiguous or treats UIM coverage and UM coverage the same, such as when they are lumped into the same provision. *See id.* Thus, because State Farm's policies address UM and UIM coverage together, it would appear that if Missouri law applied here, stacking would be required.

In arguing for the application of Missouri law in this case, Mr. Oursler relies on the Missouri Court of Appeals's opinion in *Williams v. Silvola*, 234 S.W.3d 396 (Mo. Ct. App.), *rev. denied* (Mo. 2007). In *Williams*, Kansas insureds were involved in an automobile accident in Missouri with an uninsured motorist, and they sought to stack UM benefits under multiple policies. *See id.* at 398. The court first concluded that, under *Eidemiller*, Kansas's statutorily-mandated anti-stacking policy provision could be waived, as shown by the Kansas court's ruling in that case that the provision had not been waived there. *See id.* at 399-400 (citing *Eidemiller*, 261 Kan. at 723-24, 933 P.2d at 756). The *Williams* court then concluded that the subject policies were ambiguous concerning stacking, in light of Missouri's mandatory stacking law, because the anti-

4

stacking provision began with the following phrase: "Subject to the law of the state of the occurrence, . . . ." *See id.* at 401-04. Accordingly, the court construed the policy against the insurer that drafted it, concluded that the insurer had therefore waived the anti-stacking provision, and applied Missouri's mandatory stacking law pursuant to the policy's provision adopting the law of the place of the accident. *See id.* at 404-06.

Mr. Oursler seeks to create a similar ambiguity by pointing to the following "conformity" provision found in State Farm's policies:

> If an ***insured*** under the liability coverage is in another state or Canada and, as a nonresident, becomes subject to its motor vehicle compulsory insurance, financial responsibility or similar law:
>
> a.  the policy will be interpreted to give the coverage required by the law; and
>
> b.  the coverage so given replaces any coverage in this policy to the extent required by the law for the ***insured's*** operation, maintenance or use of a ***car*** insured under this policy.

Mr. Oursler argues that, as in *Williams*, this language at least creates an ambiguity whether State Farm has waived its anti-stacking provision by subjecting itself to the law of the state of the accident (in this case, Missouri), and that the ambiguity should be resolved against the insurer as drafter. *See Brown v. Combined Ins. Co. of Am.*, 226 Kan. 223, 232, 597 P.2d 1080, 1087-88 (1979) (as a general rule, an insurance contract is to be strictly interpreted against the drafting insurer).

The court rejects Mr. Oursler's attempt to inject Missouri law into his contractual relationship with State Farm. Even if the Missouri court's reading of *Eidemiller* is correct and Kansas's statutory anti-stacking mandate could be waived (an issue that this

5

court need not resolve), Mr. Oursler has not established an ambiguity in State Farm's policies or any other basis for waiver here. The "conformity" provision cited by Mr. Oursler may be found only among the policies' *liability* coverage provisions, and thus unambiguously applies only to liability coverage under the policies. The policies' UM and UIM provisions do not contain any such conformity language and unambiguously prohibit stacking of UM/UIM benefits, and *Williams* is therefore inapposite. Thus, there is no basis to apply the stacking law of Missouri or any other state here, and the court must follow Kansas's choice-of-law rules requiring the application of Kansas substantive law to the policies.

Moreover, even if this conformity language did somehow apply to the UIM provisions in the State Farm policies, it would not require the application of Missouri law in this case because Missouri's UM statute applies only to vehicles registered or principally garaged in Missouri. *See* Mo. Rev. Stat. § 379.203. Because Mr. Oursler's car was registered and garaged in Kansas, the Missouri UM statute would not apply, and thus Missouri's UM law would not be adopted through the provision requiring application of law to which the insured has become subject.[2]

Accordingly, the court concludes that Kansas law, which prohibits the stacking of UIM benefits, governs Mr. Oursler's entitlement to UIM benefits under his policies

---

[2]In light of its ruling, the court need not consider State Farm's further argument that, because its anti-stacking policy language merely tracked the Kansas statute, that language should not be construed against State Farm as the drafter.

6

with State Farm. Mr. Oursler does not dispute that State Farm has fulfilled its coverage obligations as they exist under Kansas law (with the exception of future disability benefit obligations, which State Farm recognizes). Therefore, State Farm is entitled to the declaratory judgment that it seeks, and summary judgment in favor of State Farm is appropriate.

IT IS THEREFORE ORDERED BY THE COURT THAT Plaintiff's Motion for Summary Judgment (Doc. # 7) is **granted**. Judgment will be entered in favor of plaintiff declaring that its liability to defendant for Underinsured Motorist coverage arising out of the January 5, 2007, accident is limited to amounts already paid, and that plaintiff has no further Underinsured Motorist or Personal Injury Protection coverage obligations except to the extent that future disability benefits are owed to defendant.

IT IS SO ORDERED.

Dated this 2nd day of December, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
